**D. Patrick McCULLOUGH, et al., Appellants,**

v.

**COUNTY OF WASHINGTON, PLANNING DEPARTMENT DIVISION, Respondent.**

No. C8–85–265.

Court of Appeals of Minnesota.

August 6, 1985.

D. Patrick McCullough, St. Paul, for appellants.

Robert W. Kelly, Washington County Atty., Douglas G. Swenson, Asst. County Atty., Stillwater, for respondent.

Heard, considered, and decided by FORS-BERG, P.J., and SEDGWICK and WOZNIAK, JJ.

## SUMMARY OPINION

WOZNIAK, Judge.

### FACTS

Patrick and Marlys McCullough decided to remodel their Washington County home in 1982. They applied for a building permit which was granted on November 21, 1982.

The building permit was granted in error in that it should not have issued until after a septic permit had issued to permit the upgrading of the individual sewage treatment system on the property. Washington County Individual Sewage Treatment System Ordinance § 701.04(5) and Washington County Zoning Ordinance § 509.03.

By letter dated February 2, 1984, the Washington County building official revoked the building permit and informed the McCulloughs that they must obtain a septic permit to construct a septic system which complies with the current Washington County ordinances. By this time, the remodeling was complete.

The trial court ordered the McCulloughs to obtain a septic permit. They must test their system and make any necessary improvements before the permit will issue.

Washington County argued at trial that the septic system was noncomplying, but the trial court determined that this was not established.

## DECISION

The appellants have completed the remodeling of their home. Nonetheless, the trial court ruled that they must now obtain a septic permit. The court based its ruling on § 701.04(5) and § 509.03 which prohibit the issuance and use of a building permit until after a septic permit has first been issued.

The trial court's ruling is incorrect because § 701.04(5) and § 509.03 do not apply to this case.

The sewage ordinance applicable to a completed home is § 401.02, which provides:

Any individual sewage treatment system or component thereof, irrespective of the date of original installation, which is not located, constructed, installed or maintained in accordance with the provisions of this Ordinance shall be so relocated, reconstructed, replaced or otherwise brought into compliance within one hundred eighty (180) days of notice and or-

der to comply by the Zoning Administrator.

Section 401.02 applies here. The burden is on the county to prove noncompliance, and not on the McCulloughs to prove compliance.

If the county had proven that the McCulloughs were in violation of § 401.02, then it would have been appropriate to require the McCulloughs to comply therewith. However, the trial court specifically found in its amended findings that the McCulloughs were not in violation of this ordinance. Therefore, since the county did not establish at trial that the system is noncomplying, and did not question this finding on appeal, the McCulloughs are not required to upgrade their system in any fashion.

Reversed.